IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALMAMOUN A. JOUDEH, et al.**, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:09-CV-2217-L** |
| | § | |
| **MS CARRIERS, INC., et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On April 28, 2010, Defendant Swift Transportation Co., Inc. filed a Suggestion of Death, stating that its understanding was that Defendant Endre Vodics was deceased. The court had ordered Plaintiffs to serve Vodics by April 21, 2010. On April 20, 2010, Plaintiffs filed an Affidavit Regarding Service stating that their counsel, through research through LexisNexis, discovered that Vodics was deceased.

On April 29, 2010, the court ordered Plaintiffs Almamoun A. Joudeh and Maha Atta Joudeh, individually and on behalf of Abdelrahman A. Joudeh, Alla Joudeh, Louay Joudeh, and Dia Al Din Joudeh (collectively, "Plaintiffs") to file a notice stating whether their claims against Vodics were extinguished and, if not, whether they intended to continue to pursue these claims. On May 10, 2010, Plaintiffs filed their Notice of Intent to Continue to Pursue Claims, which stated that they intended to pursue their claims against Vodics's estate and that there were determining whether estate proceedings had been instituted.

Pursuant to Rule 25 of the Federal Rules of Civil Procedure:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may

**Memorandum Opinion and Order –  Page 1**

> be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). No motion for substitution has been filed and the 90-day period has elapsed. Some courts have held that extensions of this 90-day period are permissible, notwithstanding the language of Rule 25(a):

> While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b). Rule 6(b)(2) states that a district court "for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."

*Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993). Furthermore, "the history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Id*. (citation, quotations, and bracket omitted). Dismissal under Rule 25(a) is ordinarily a dismissal with prejudice. *See generally Anderson v. Yungkau*, 329 U.S. 482, 486 (1947).

In light of the history and purpose of the rule, the court will not dismiss the claims against Vodics at this time. It will, however, dismiss the claims against him with prejudice if a motion for substitution or a motion requesting an extension of this deadline is not filed by **September 27, 2010**.

**It is so ordered** this 28th day of July, 2010.

*[signature]*
Sam A. Lindsay
United States District Judge